**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
**EARLE GIOVANNIELLO, Individually**
**and on Behalf of All Others Similarly Situated**,

                          **Plaintiff,**

                          **07 Civ. 1990 (HB)**

       - against -

                          **OPINION & ORDER**

**THE NEW YORK LAW PUBLISHING COMPANY,**

                          **Defendant.**
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**[*]

On March 8, 2007, Plaintiff Earle Giovanniello ("Plaintiff") filed a complaint against ALM Media, Inc. that alleged violations of the Federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et. seq.* on behalf of himself and a putative class. Compl. ¶ 1 – 2. The TCPA provides statutory damages against those who send unsolicited facsimile communications ("faxes"). 47 U.S.C. § 227 *et. seq.* On April 27, 2007, the Plaintiff filed an Amended Complaint ("Am. Compl.") against The New York Law Publishing Company ("Defendant") and, at the same time, terminated its action against ALM Media, Inc. Am. Compl. ¶ 1. Defendant now moves this Court to dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)"). For the reasons stated below, the motion is GRANTED in its entirety.

## I. FACTUAL BACKGROUND

Plaintiff resides in New Haven, Connecticut, and is a citizen of Connecticut. Am. Compl. ¶ 6. Defendant is a New York corporation with its principal place of business in New York, New York. Am. Compl. ¶ 7. Plaintiff asserts federal diversity jurisdiction in this Court pursuant to 28 U.S.C. § 1332(d)(2)(A) and alleges an amount in controversy in excess of $5,000,000. Am. Compl. ¶¶ 3 – 4.

On or about January 28, 2004, Plaintiff received a fax from Defendant advertising

---

[*] Neal Kronley, a summer 2007 intern in my Chambers and currently a second-year law student at Rutgers University School of Law – Newark, provided assistance in researching and drafting this opinion.

1

the "commercial availability or quality of property, goods or services." *Id.* ¶ 8. Plaintiff alleges he is one of approximately 10,000 recipients of unsolicited facsimile advertisements between January 28, 2000, and the present. *Id.* ¶¶ 10, 1. According to Plaintiff, Defendant did not seek or obtain prior express invitation or permission from Plaintiff or any of the 10,000 "similarly situated" recipients. *Id.* ¶¶ 9, 12. Further, Plaintiff contends that at least two-thirds of the 10,000 recipients are citizens of states other than New York. *Id.* ¶ 11.

Plaintiff asserts, on behalf of himself and a putative class that Defendant violated 47 U.S.C. § 227(b)(1)(c)[1] and 47 C.F.R. § 64.1200(a)(3),[2] and seeks statutory damages pursuant to 47 U.S.C. § 227(b)(3)(A), treble damages pursuant to 47 U.S.C. § 227 (b)(3)(C), and an order enjoining Defendant from violating 47 U.S.C. § 227(b)(1)(c) and 47 C.F.R. § 64.1200(a)(3). Am. Compl. ¶¶ 14 – 17.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a court's statutory or constitutional power to adjudicate a case and "typically . . . alleges that the federal court lacks either federal question or diversity jurisdiction over the action." *Menashe v. V Secret Catalogue*, No. 05-CV-239, 2005 WL 1580799 at *3 (S.D.N.Y. July 7, 2005) (Baer, J.); *Leyse v. Domino's Pizza LLC,* No. 04-CV-2411, 2004 WL 1900328 at *1 (S.D.N.Y. Aug. 24, 2004) (Baer, J.) (citation omitted). The Court must construe the complaint liberally and in conformity with the principle set FORTH in Fed. R. Civ. P. 8(f). *Menashe*, 2005 WL 1580799 at *3; *Goel v. U.S. Dept. of Justice*, No. 03-Cv-579, 2003 WL 22047877 at *2 (S.D.N.Y. Aug. 29, 2003) (Baer, J.).

However, "argumentative inferences favorable to the pleader will not be drawn." *Goel*, 2003 WL 22047877 at *2; *accord* 5A Charles A. Wright et al., Federal Practice and Procedure § 1350, at 218-219 (1990 & Supp. 1991). The mover and the pleader may use

---

[1] 47 U.S.C. § 227 (b)(1)(C) states, in relevant part,

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . (C) to use any telephone facsimile machine . . . to send, to a telephone facsimile machine, an unsolicited advertisement . . . ."

[2] "No person or entity may: . . . (3) Use a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine . . . ." 47 C.F.R. § 64.1200.

affidavits and other materials beyond the pleadings themselves in support of, or in opposition to, a challenge to subject matter jurisdiction. *Goel*, 2003 WL 22047877 at *2; *see Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947); *Exchange Nat'l Bank of Chi. v. Touche Ross & Co.,* 544 F.2d 1126, 1130 (2d Cir. 1976), *cert. denied sub. nom.,* 469 U.S. 884, 884 (1984). Once challenged, the burden of establishing a federal court's subject matter jurisdiction rests on the party asserting jurisdiction. *See Luckett v. Bure*, 290 F.3d 493, 497-98 (2d Cir. 2002); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see also Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

### III.   DISCUSSION

The Second Circuit has held that diversity jurisdiction exists under the TCPA. *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 343 (2d Cir. 2006) ("Congress did not intend to divest the federal court's of diversity jurisdiction over private cause of action under the TCPA."). The issue in this case is whether Plaintiff may maintain a TCPA class action in federal court based on diversity jurisdiction[3] when New York state law would otherwise bar the action.[4] This issue is not one of first impression; in fact, both state and federal courts have concluded that TCPA class actions are barred by N.Y. C.P.L.R. § 901 (b). *See, e.g. Bonime v. Avaya*, No. 06-CV-1630, slip op. 2006 WL 3751219 (E.D.N.Y. Dec. 20, 2006); *Holster v. Gatco*, 485 F. Supp.2d 179 (E.D.N.Y. Mar. 23, 2007); *Weber v. U.S. Sterling Securities, Inc.*, 924 A.2d 816 (Conn. June 19, 2007);[5] *Bonime v. Bridge 21 Inc.*, 799 N.Y.S.2d 417, 418 (2d Dep't 2005); *Bonime v. Disc. Funding Assocs.*, 799 N.Y.S.2d 418, 419 (2d Dep't 2005); *Giovanniello v. Carolina Wholesale Of. Mach. Co., Inc.*, 815 N.Y.S.2d 248, 249 (2d Dep't 2006); *Leyse v. Flagship Capital Servs. Corp.*, 803

---

[3] The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--
(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
(B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
(C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. §1332(d)(2).

[4] Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action. N.Y. C.P.L.R. § 901(b).

[5] Earle Giovanniello, plaintiff in the instant action, represented the plaintiff Weber. Todd Bank, Plaintiff's counsel in the present suit, served as co-counsel in the *Weber* case.

N.Y.S.2d 52, 53 (1st Dep't 2005); *Rudgayzer & Gratt v. Cape Canaveral Tour & Travel, Inc.*, 799 N.Y.S.2d 795, 800 (2d Dep't 2005); *Weber v. Rainbow Software, Inc.*, 799 N.Y.S.2d 428 (2d Dep't 2005).

Nonetheless, Plaintiff contends that N.Y. C.P.L.R. § 901(b) does not apply to the TCPA because the TCPA arises under federal rather than state law.[6] This argument relies upon the Second Circuit's dicta in *Gottlieb*:

> It is odd, of course, that a federal court sitting in diversity and considering a TCPA claim would apply federal substantive and procedural law. This fact, however, only emphasizes the *sui generis* nature of the statute. It is the rare federal statute that creates a cause of action that gives rise to jurisdiction under [28 U.S.C.] § 1332, but not under [28 U.S.C.] § 1331.

436 F.3d at 343 n.8. Plaintiff argues that because the TCPA arises under *federal*, and not state law, the doctrine pronounced in *Erie R. Co. v. Tompkins* is inapplicable.[7] Plaintiff relies upon the Second Circuit's statement in *Achtman v. Kirby, McInerney & Squire, LLP*, to support this proposition, "[t]he *Erie* doctrine applies, whatever the ground for federal jurisdiction, to any issue or claim which has its source in state law." 464 F.3d 328, 337 n.4 (2d Cir. 2006) (quoting *Maternally Yours, Inc. v. Your Maternity Shop, Inc.*, 234 F.2d 538, 541 n.1 (2d Cir. 1956)).

In a nearly identical case,[8] Judge Bianco rejected Plaintiff's arguments[9] because of the overall context of the *Gottlieb* footnote read in conjunction with the express language of the TCPA. *See Holster*, 485 F.Supp.2d 179 (E.D.N.Y. Mar. 23, 2007). First, the *Holster* court explained,

> Although *Gottlieb* did recognize the anomaly created by a federal statute under which federal courts may only hear private causes of action in

---

[6] Although in *Gottlieb*, 436 F.3d at 343, the court affirmed the principle that no federal question jurisdiction exists under the TCPA, Plaintiff's counsel argues that diversity jurisdiction exists in this instance because ". . . this claim is a federal claim." July 19, 2007 Oral Argument Tr. at 13. In essence, Plaintiff's argument is an attempted end-run around the Second Circuit's holding that federal question jurisdiction does not exist under the TCPA. *See Gottlieb*, 436 F.3d at 337.

[7] *See, e.g. Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (U.S. 1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."); *Morse v. Elmira Country Club*, 752 F.2d 35, 37 (2d Cir. 1984) ("The rationale of [*Erie*] was, first, that federal courts should obtain results substantially similar to those reached by state courts considering the same cause of action, and, second, that federal courts should avoid application of federal law if that application by prospective out-of-state litigants."); *Holster*, 485 F. Supp. at 183 (citing cases).

[8] The only distinguishing fact between *Holster* and the instant case is that plaintiffs were New York citizens in *Holster* whereas plaintiffs are Connecticut citizens in the present action.

[9] In fact, Plaintiff's counsel served as the attorney-of-record in *Holster*.

> diversity jurisdiction, it did not instruct courts to ignore the dictates of *Erie* and its progeny when exercising diversity jurisdiction over TCPA claims. To read the footnote in *Gottlieb* as plaintiff proposes would ignore *Gottlieb's* statement that the TCPA is "the functional equivalent of a state law."

*Holster*, 485 F.Supp.2d at 183 -184 (quoting *Gottlieb*, 436 F.3d at 342). Second, the TCPA expressly incorporates state limits on its private cause of action: "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring [an action] in an appropriate court of that State." 47 U.S.C.A. § 227 (b)(3). In this connection, "the language of the TCPA clearly indicates that the TCPA merely enables states to permit a cause of action and contemplates that the laws or rules of the courts of the state may restrict such actions." *Holster*, 485 F.Supp.2d at 184.

This Court agrees with the reasoning of the *Holster* court and finds that the *Erie* doctrine applies to the case at bar. The *Erie* doctrine requires "federal courts sitting in diversity [to] apply state substantive law and federal procedural law." *Gasperini*, 518 U.S. at 427. Plaintiff contends that N.Y. C.P.L.R. § 901(b) is procedural rather than substantive; therefore, according to Plaintiff, federal substantive law governing class actions suits should control this case. Although Plaintiff cites several cases explaining the class action device as a procedural remedy, authorities in both state and federal courts have concluded otherwise. *See, e.g. United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 402 (1980) ("the right to represent a class is a procedural claim"); *Blaz v. Belfer*, 368 F.3d 501, 505 (5th Cir. 2004) ("there is no substantive right to a class remedy; a class action is a procedural device."); *but see Weber*, 924 A.2d at 828 (citing *Leider v. Ralfe*, 387 F.Supp.2d 283, 291 (S.D.N.Y. 2005) (Baer, J.) ("Thus, the bulk of cases to address the applicability of N.Y. C.P.L.R. § 901(b) have decided that the statute is substantive and applies with equal force in federal litigation.")); *Bonime*, No. 06CV1630, slip op. 2006 WL 3751219 at *3 (citing cases).[10]

Recently, two judges in the Eastern District of New York have ruled that N.Y. C.P.L.R. § 901(b) bars TCPA class actions in federal court and dismissed the cases for

---

[10] Because I have concluded that N.Y. C.P.L.R. § 901(b) is substantive law, I will not address Plaintiff's argument that N.Y. C.P.L.R. § 901(b) is in direct conflict with Fed. R. Civ. P. 23; however, in *Leider* I concluded that Fed. R. Civ. P. 23 does not cover the issue addressed in N.Y. C.P.L.R. § 901(b). 387 F. Supp. at 291. These two opinions do not conflict.

lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). *See Bonime*, No. 06CV1630, slip op. 2006 WL 3751219; *Holster*, 485 F.Supp.2d 179; *see also McGaughey v. Treistman*, No. 05CV7069, slip copy 2007 WL 24935 at *3 n.5 (S.D.N.Y. Jan. 4, 2007) (Baer, J.) (noting issue but declining to comment because of distinguishing facts of case).[11]  Both *Bonime* and *Holster* are factually similar to the present action, and, in fact, Plaintiff's attorney tried both cases and is no stranger to these cases.[12]

In *Bonime*, a New York resident received an unsolicited fax advertisement through an agent and sought damages between $500 and $1,500 on his behalf as well as 10,000 potential class members. 2006 WL 3751219 at *1. The court held, the "TCPA does not specifically authorize recovery of statutory damages in a class action." *Id.* at *2. In dismissing the case for lack of subject matter jurisdiction, Judge Amon noted that N.Y. C.P.L.R. § 901(b) "prohibits class actions predicated on statutory damages" and concluded that plaintiff "cannot invoke diversity jurisdiction under [the Class Action Fairness Act of 2005 ("C.A.F.A.")]. *Id.* at *5. Three months later, *Holster* presented a nearly identical situation[13] and Judge Bianco, relying upon *Bonime*, concluded that "just as plaintiff is unable to maintain a class action alleging claims under the TCPA in a state

---

[11] Although, as noted, the legal question in *McGaughey* is distinct from the question in the instant case, two cases have recently questioned *McGaughey*'s conclusion that "because denial of class certification leaves this Court without subject matter jurisdiction, the complaint is dismissed." Slip copy, 2007 WL 24935. First, *Falcon v. Philips Elec. North Am. Corp.* limited *McGaughey* by rejecting defendant's characterization of *McGaughey* as holding class certification is a prerequisite to federal jurisdiction. No. 06-CV-6090, 2007 Lexis 40777 at *1 (S.D.N.Y. June 5, 2007) (Rakoff, J.). The *Falcon* court, however, accepted *McGaughey*'s conclusion and dismissed the case because  "a class cannot be certified either now or in the foreseeable future." *Id.* at *4. Second, in *Genenbacher v. Centurytel Fiber Company II, LLC*, the Court broadly construed Supreme Court precedent to hold that the Court retained subject matter jurisdiction after denying class certification in a diversity case. No. 06-3604, 2007 Lexis 35327 at *5 (C.D. Ill. May 12, 2007) (Scott, J.) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 – 95 (U.S. 1938)). Although a court may retain jurisdiction the *Genenbacher* Court's holding ignores the Fed. R. Civ. P.'s instruction that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).
[12] In addition to *Bonime* and *Holster*, Plaintiff's counsel served as the attorney-of-record in the following TCPA cases seeking a remedy for a putative class: *McGaughey v. Treistman*, No. 05-CV-7069, 2007 WL 24935 (S.D.N.Y. Jan. 4, 2007) (Baer, J.); *Weitzner v. Sciton, Inc.*, No. CV 2005-2533 (SLT) (MDG), 2006 WL 3827422 (E.D.N.Y. Dec. 27, 2006) (Go, Mag. J.); *Rudgayzer & Gratt*, 799 N.Y.S.d 795; *Weber,* 799 N.Y.S.2d 428; *Giovaniello v. Hispanic Media Group USA, Inc.*, 799 N.Y.S.2d 800 (2d Dep't 2005) (Plaintiff Giovaniello was a different Plaintiff Giovaniello than in the present case); *Rudgayzer & Gratt v. LRS Commc'ns, Inc.*, 789 N.Y.S.2d 601 (N.Y. App. Div. 2004).
[13] In *Holster*, plaintiff, a New York resident, received a single fax from defendant and sought damages between $500 and $1,500 on behalf of him and 10,000 potential class members. 485 F. Supp.2d at 180.

6

court in New York, plaintiff is unable to maintain a class action in this Court for alleged violations of the TCPA where New York law applies." 485 F. Supp.2d. at 186.

Similarly, in the case at bar, Plaintiff, a Connecticut resident, received an unsolicited fax advertisement and seeks damages between $500 and $1,500 on his behalf as well as 10,000 potential class members. Applying New York law, as required by the *Erie* doctrine, I conclude that Plaintiff lacks subject matter jurisdiction to sustain a putative class action under 28 U.S.C. §1332(d). Further, because Plaintiff received one lone fax advertisement having a maximum $1500 in allowable statutory damages, and the minimum amount in controversy to claim diversity jurisdiction is $75,000, 28 U.S.C. §1332(a), it appears to "a legal certainty" that Plaintiff's claim is "really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co.*, 303 U.S. at 289. Accordingly, this Court lacks subject matter jurisdiction to hear this case.

## IV.   CONCLUSION

For all these reasons, Defendant's motion to dismiss is GRANTED.

The Clerk of the Court is instructed to close this case and remove it from my docket.

**IT IS SO ORDERED.**

New York, New York
August ___, 2007

_____
U.S.D.J.

7