UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
EARLE GIOVANNIELLO, Individually       :
And on Behalf of All Others Similarly Situated,  :
                                       :
                                       :      07 Civ. 1990 (HB)
        - against -                    :
                                       :      **OPINION & ORDER**
                                       :
                                       :
THE NEW YORK LAW PUBLISHING COMPANY,   :
                                       :
                Defendant.             :
-----------------------------------------------------------------------x
**Hon. HAROLD BAER, JR., District Judge:**[*]

Plaintiff Earle Giovanniello ("Plaintiff" or "Giovanniello") commenced this action on March 8, 2007, alleging that The New York Publishing Company ("Defendant") sent unsolicited facsimile advertisements to Plaintiff and members of a putative class in violation of the Federal Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 2277 *et. seq.* On August 6, 2007, this Court granted Defendant's motion to dismiss for lack of subject matter jurisdiction.[1] On August 20, 2007, pursuant to Local Rule 6.3,[2] Plaintiff filed this motion for reconsideration of the Court's August 6, 2007 Opinion & Order ("August 6th Order"). For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

## I.   BACKGROUND

The facts of this case are set forth in detail in my August 6, 2007 Opinion & Order, familiarity with which is presumed. See Giovanniello v. The New York Law Publ'g Co., No. 07 Civ. 1990 (HB), 2007 U.S. Dist. LEXIS 56694 (S.D.N.Y. Aug. 6, 2007).

## II.   STANDARD OF REVIEW

Motions for reconsideration fall within the discretion of the court and are governed by the strict standards set forth in Local Civil Rule 6.3 ("Local Rule 6.3"). See Black v. Diamond, Nos. 05 Civ. 785, 05 Civ. 1669, U.S. App. LEXIS 1519, at *5 (2d Cir. Jan. 19, 2006) ("To merit

---

[*] Devin Taylor, an intern in my Chambers and currently a third-year law student at Brooklyn Law School, provided assistance in researching and drafting this opinion.
[1] The Court heard oral argument on Defendant's motion to dismiss on July 19, 2007.
[2] Plaintiff moves for reconsideration pursuant to Local Civil Rule 6.3 and makes no reference to its Federal Rule counterpart, Fed. R. Civ. P. 59(e).

1

reconsideration, a movant must point to law or facts which [he] believes the court has overlooked."); Baker v. Dorfman, 239 F.3d 415, 427 (2d Cir. 2000) (same). The purpose of Local Civil Rule 6.3 is to ensure the finality of decisions. Relief is *only* available to the extent the court overlooked controlling law or factual matters that were put before it, or alternatively, where the movant demonstrates a clear error or to prevent manifest injustice. Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). In accordance with these principles, the parties may not raise new facts, issues or arguments not previously presented to the court. Lehmuller v. Incorporated Village of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997).

### III. DISCUSSION

Plaintiff has failed to satisfy his burden of showing that this Court overlooked a controlling decision or material fact that would alter the outcome of its previous decision. In my August 6th Order, I held that the Erie doctrine[3] dictated that New York law governed this case, and, therefore, pursuant to C.P.L.R. § 901(b), Plaintiff lacked subject matter to sustain a putative class action under 28 U.S.C. 1332(d).

In his motion for reconsideration, Giovanniello challenges the Court's application of New York law and contends that both federal and state choice-of-law principles require the application of Connecticut law to the case at bar, a different position than previously advanced by Plaintiff in opposition to Defendant's motion to dismiss.[4] Fully aware of the novelty of this theory and the bar on raising new arguments on reconsideration,[5] Plaintiff nonetheless asserts that he is entitled to raise the choice-of-law issue because it concerns this Court's subject-matter jurisdiction. See Pl.'s Reply Mem. in Further Support of Mot. for Reconsideration 1-2. This Court does not dispute the basic principle that subject-matter jurisdiction is not waivable. See, e.g., United States v. Cotton, 535 U.S. 625, 630 (2002). However, the case at bar is distinguishable from Oxygenated Fuels Ass'n v. Pataki, No. 00 Civ. 1073, 2002 U.S. Dist. LEXIS 27899 at *2-3 (N.D.N.Y. May 16, 2002), the primary case relied on by Giovanniello. Whereas in Oxygenated Fuels, the court allowed the plaintiff to argue for the first time on reconsideration that the court lacked subject matter jurisdiction to consider the EPA's

---

[3] Erie R.R. v. Thompkins, 304 U.S. 64 (1938).
[4] In his opposition to the Defendant's motion to dismiss, Plaintiff argued that New York's bar on class actions for statutory damages was inapplicable in the instant case either because federal law (and not state law) governed in the first instance (i.e., that Erie was inapplicable) or because federal law preempts New York law. See generally Pl.'s Opposition to Def's Mot. to Dismiss.
[5] See generally Pl.'s Mot. for Reconsideration; Pl.'s Mot. in Further Support of Reconsideration.

preemption regulation, an issue not briefed by the parties on the prior motion, in this case, the gravamen of the prior motion to dismiss was this Court's subject-matter jurisdiction. Giovanniello had a full and fair opportunity to raise the choice of law argument in his opposition to the motion to dismiss and during oral argument but chose not to do so.

The balance of Plaintiff's motion for reconsideration relitigates issues already considered by this Court, i.e., the applicability of Erie and the assertion that N.Y. C.P.L.R. is procedural and not substantive. The Court's August 6, 2007 Order specifically addressed Plaintiff's contentions, and thus, Local Rule 6.3 precludes reconsideration of these same issues. See August 6th Order, at 5 ("This Court agrees with the reasoning of the *Holster* court and finds that the *Erie* doctrine applies to the case at bar."); id., at n.10 (explicitly rejecting Plaintiff's assertion that N.Y. C.P.L.R. 901(b) conflicts with Fed. R. Civ. P. 23). Further, Plaintiff cites Weber v. U.S. Sterling Securities, Inc., 924 A.2d 816 (Conn. 2007) as controlling authority in support of his choice-of-law analysis position. The Court's August 6th Order already considered Weber and found it to be in line with its holding in this case. See, e.g., August 6th Order, at 3 and n.5.[6]

Therefore, because he has not pointed to any controlling decisions or evidence that this Court overlooked, relitigates issues already decided by this Court and attempts to advance a new argument, Plaintiff's motion to reconsider must be denied.

## IV. CONCLUSION

For the reasons above, Plaintiff's motion for reconsideration is denied. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) any appeal from this Order would not be taken in good faith, and a certificate of appealability is therefore denied.

---

[6] Other federal and state courts in this Circuit have thoroughly considered these same arguments on motions to dismiss and motions for reconsideration (advanced by Plaintiff's counsel of record, Todd Bank, Esq.) and have found them wanting. See, e.g., Giovanniello v. Carolina Wholesale Office Mach. Co., No. 06 Civ. 10235, 2007 U.S. Dist. LEXIS 60671, * 3-4 (S.D.N.Y. Aug. 20, 2007) (granting defendant's motion to dismiss TCPA case for lack of subject matter jurisdiction); Bonime v. Avaya, Inc., No. 06 Civ. 1630, 2006 U.S. Dist. LEXIS 91964 *15 (E.D.N.Y. Mar. 8, 2007) (same) (plaintiff's motion for reconsideration was denied); Holster v. Gatco, 485 F. Supp.2d 179, 186 (same on both accounts); Weitzner v. Sciton, Inc., No. 05 Civ. 2533, 2007 U.S. Dist. LEXIS 72770, * 3-4 (E.D.N.Y. 2007) (same result on motion to dismiss TCPA case; plaintiff's motion for reconsideration *sub judice*); Giovanniello v. Hispanic Media Group USA, Inc., 780 N.Y.S.2d 720, 721 (2004) (granting defendant's motion to dismiss the TCPA case).

The Clerk of the Court is instructed to close this motion and ensure that this case is removed from my docket.

**IT IS SO ORDERED.**
**New York, New York**
**December 11, 2007**

_____
U.S.D.J.